UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Mark Harpell**, of Town of Edgecomb, County of Sagadahoc, State of Maine and  **Susan Harpell**, of Town of Edgecomb, County of Sagadahoc, State of Maine, individually and as Next Best Friend of **Erika Harpell**, A Minor,<br><br>                Plaintiffs<br><br>v.<br><br>**Andreassi Bros., Inc.**, of West Roxbury, County of Suffolk, Commonwealth of Massachusetts<br><br>                Defendant. | 05  11288 RGS<br><br>MAGISTRATE JUDGE Alexander<br><br>RECEIPT # 65106<br>AMOUNT $ 250<br>SUMMONS ISSUED YES<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY CLK. TOM<br>DATE 6/20/05 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiffs, by and through undersigned counsel, and complain against the Defendant as follows:

### NATURE OF THE CASE

Plaintiffs' claims against the Defendant arise from injuries sustained in a motor vehicle accident on Boylston Street in Boston, Massachusetts on June 21, 2002.

### PARTIES

1. Plaintiffs, Mark Harpell and Susan Harpell, Individually and as Next Best Friend of Erika Harpell, a Minor, are individuals who reside in the Town of Edgecomb, County of Sagadahoc, and State of Maine.

2. Defendant, Andreassi Bros., Inc., is a corporation with its principal place of business in West Roxbury, County of Suffolk, and Commonwealth of Massachusetts.

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction in this case based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiffs are all residents of Maine, Defendant is a corporate resident of Massachusetts. Therefore, complete diversity is present.

4. Plaintiffs' damages each individually exceed the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional amount.

## PERSONAL JURISDICTION

5. This Court has jurisdiction over the Defendant because Defendant is a corporate resident of the Commonwealth of Massachusetts.

## VENUE

6. Venue is properly laid before this Court pursuant to 28 U.S.C. § 1391, in that Defendant's principal place of business is in West Roxbury, County of Suffolk and Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

7. On or about June 21, 2002, Plaintiffs were traveling east on Boylston Street in Boston, Massachusetts in the left hand lane.

8. As Plaintiffs passed the intersection with Park Drive, Defendant's vehicle, driven by Rocco Andreassi, which was driving westbound on Boylston Street, crossed over the marked lane divider and violently struck Plaintiff's vehicle head on.

9. Plaintiffs' vehicle was then struck from behind by a vehicle driven by Yves Jean, sustaining minimal vehicle damage.

10. As background information, Plaintiff Erika Harpell, nine years old at the time of this accident, was diagnosed with Type III Osteogenesis Imperfecta (OI),

otherwise known as "brittle bone disease," when she was just an infant. Type III is the most severe form of OI in children surviving the neonatal period. Erika was adopted by Mark and Susan Harpell when she was just two months old. She has sustained dozens of fractures and broken bones over the course of her short life.

11. At the time of this accident, the Harpell family was in Boston to see Erika's orthopedic specialist at Boston Children's Hospital, and was undergoing a multiple-day course of bone growth hormone treatment in Boston.

12. As a result of this accident, Plaintiff Erika Harpell, then nine years old, sustained a posterior cervical fracture at C-2 (otherwise known as a "Hangman's fracture"). Erika's injury was made all the more serious and frightening due to her underlying condition of Type III osteogenesis imperfecta. The injury sustained in this accident, in combination with her underlying condition, has made Erika more susceptible to further spinal cord injury in the future, including spinal cord compression and paralysis.

13. As a result of this accident, Plaintiff Susan Harpell sustained musculoskeletal strain, including left-sided rib pain and neck and back pain. In addition, she suffered severe fear and anxiety because she watched the immediate effects of this accident as her daughter, Erika was taken via ambulance to Boston Children's Hospital, not knowing if she had life threatening or paralyzing injuries. Furthermore, Erika spent the next four days in the hospital for her injuries, during which time her mother was by her bedside.

14. As a result of this accident, Plaintiff Mark Harpell sustained a serious Lisfranc fracture dislocation of the right foot. He has had three surgical procedures to attempt to repair his foot, with no success. He is facing yet another surgery.

15. As a result of this accident, Plaintiffs have received extensive medical treatment, have been permanently injured and impaired, and will continue to require medical treatment in the future.

16. As a result of these injuries, Plaintiffs have endured pain and suffering and will continue to do so.

17. Plaintiffs request a jury trial.

## COUNT I – NEGLIGENCE

18. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-12 as though fully set forth herein.

19. At all times herein material, Plaintiff, Mark Harpell, the driver of Plaintiffs' vehicle, was in the exercise of due and proper care.

20. At the aforementioned time, the Defendant was careless and negligent in failing to pay proper attention and failing to keep in his proper lane of traffic, colliding with Plaintiff's vehicle.

21. As a result of the carelessness and negligence of the Defendant, as discussed above, the Plaintiff Mark Harpell has received extensive medical treatment, will continue to require medical treatment in the future, has suffered and will in the future continue to suffer great pain and mental anguish, and has been permanently injured and impaired.

**WHEREFORE**, Plaintiff, Mark Harpell, requests this Honorable Court to enter judgment in his favor and against Defendant and to award him damages in an amount which will fairly compensate him for his injuries and damages, plus interest, costs and such further relief as this Court deems just and appropriate.

### COUNT II- NEGLIGENCE

22. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-16 as though fully set forth herein.

23. At all times herein material, Plaintiff, Susan Harpell, a passenger in Plaintiffs' vehicle, was in the exercise of due and proper care.

24. At the aforementioned time, the Defendant was careless and negligent in failing to pay proper attention and failing to keep in his proper lane of traffic, colliding with Plaintiff's vehicle.

25. As a result of the carelessness and negligence of the Defendant, as discussed above, the Plaintiff Susan Harpell has received medical treatment, will continue to require medical treatment in the future, has suffered and will in the future continue to suffer great pain and mental anguish, and has been permanently injured and impaired.

**WHEREFORE**, Plaintiff, Susan Harpell, requests this Honorable Court to enter judgment in her favor and against Defendant and to award her damages in an amount which will fairly compensate her for her injuries and damages, plus interest, costs and such further relief as this Court deems just and appropriate.

### COUNT III- NEGLIGENCE

26. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-20 as though fully set forth herein.

27. At all times herein material, Plaintiff, Erika Harpell, a passenger in Plaintiffs' vehicle, was in the exercise of due and proper care.

28. At the aforementioned time, the Defendant was careless and negligent in failing to pay proper attention and failing to keep in his proper lane of traffic, colliding with Plaintiff's vehicle.

29. As a result of the carelessness and negligence of the Defendant, as discussed above, the Plaintiff Erika Harpell has received extensive medical treatment, will continue to require medical treatment in the future, has suffered and will in the future continue to suffer great pain and mental anguish, and has been permanently injured and impaired.

**WHEREFORE**, Plaintiff, Erika Harpell, requests this Honorable Court to enter judgment in her favor and against Defendant and to award her damages in an amount which will fairly compensate her for her injuries and damages, plus interest, costs and such further relief as this Court deems just and appropriate.

### COUNT IV- LOSS OF CONSORTIUM

30. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-24 as though fully set forth herein.

31. Plaintiff, Mark Harpell, is and at all times herein material was the husband of Susan Harpell.

32. As a result of the aforesaid negligence of Defendant, the Plaintiff Mark Harpell, has suffered the loss of care, comfort, society and companionship of his wife, Plaintiff Susan Harpell.

WHEREFORE, Plaintiff, Mark Harpell demands judgment against the Defendant for damages which this Court deems reasonable together with interest and costs.

## COUNT V- LOSS OF CONSORTIUM

33. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-27 as though fully set forth herein.

34. Plaintiff, Susan Harpell, is and at all times herein material was the wife of Mark Harpell.

35. As a result of the aforesaid negligence of Defendant, the Plaintiff Susan Harpell, has suffered the loss of care, comfort, society and companionship of her husband, Plaintiff Mark Harpell.

WHEREFORE, Plaintiff, Susan Harpell demands judgment against the Defendant for damages which this Court deems reasonable together with interest and costs.

## COUNT VI- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-30 as though fully set forth herein.

37. As a result of the aforementioned negligence of the Defendant, Plaintiff Susan Harpell has suffered severe emotional distress, as previously described, which was a reasonably foreseeable result of Defendant's negligence.

WHEREFORE, Plaintiff, Susan Harpell demands judgment against the Defendant for damages which this Court deems reasonable together with interest and costs.

Dated at Portland, Maine, this _____ day of June, 2005.

_/s/ Terrence D. Garmey_
Terrence D. Garmey, Esquire
Celine M. Boyle, Esquire
Attorneys for Plaintiffs, Mark
Harpell, Susan Harpell Individually
and Susan Harpell as Next Best
Friend of Erika Harpell, a Minor

SMITH, ELLIOTT, SMITH & GARMEY, P.A.
7 Custom House Street, 5th Floor
PO Box 442
Portland, ME 04112-0442
(207) 774-3199

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 17th, 2005, I electronically filed this document with the Clerk of Court using the CM/ECF system. Upon receipt of the signed Summons from the Clerk of Court, I will execute formal service of this document as prescribed by Fed.R.Civ.P. 4.

*/s/ Terrence D. Garmey*

Terrence D. Garmey, Esquire
Celine M. Boyle, Esquire
Attorneys for Plaintiffs, Mark Harpell,
Susan Harpell Individually and Susan
Harpell as Next Best Friend of Erika
Harpell, a Minor

SMITH, ELLIOTT, SMITH & GARMEY, P.A.
7 Custom House Street, 5th Floor
PO Box 442
Portland, ME 04112-0442
(207) 774-3199

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Mark Harpell v. Andreassi Bros., Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Celine M. Boyle, Esq.**
ADDRESS **7 Custom House Street, 5th Floor, Portland, ME 04112-0442**
TELEPHONE NO. **207-774-3199**

(CategoryForm.wpd - 5/2/05)

TOTAL P.02

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Mark Harpell, Susan Harpell, and Erika Harpell (minor)

(b) County of Residence of First Listed Plaintiff  Sagadahoc, Maine
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
Andreassi Bros., Inc.

County of Residence of First Listed Defendant  Suffolk, Mass.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Celine Boyle and TERRENCE Garmey, Smith Elliott Smith & Garmey, 7 Custom House Street, Portland, ME 04112

Attorneys (If Known)
Unknown

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
jurisdictional -- diversity

Brief description of cause: motor vehicle -- negligence

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: June 17, 2005

SIGNATURE OF ATTORNEY OF RECORD: Terrence D Garmey

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____