COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | UNITED STATES DISTRICT COURT |

| | |
|---|---|
| MARK HARPELL, et al,<br>　　Plaintiffs | )<br>)<br>) |
| V. | )　CIVIL NO. 1:05cv11288-RGS |
| | ) |
| ANDREASSI BROTHERS, INC.,<br>　　Defendant | )<br>) |

**ANSWER OF THE DEFENDANT, ANDREASSI BROTHERS, INC.,
AND DEMAND FOR JURY TRIAL**

PARTIES

1.　The Defendant can neither admit nor deny the allegations of Paragraph 1 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

2.　The Defendant admits the allegations of Paragraph 2 of the Complaint.

3.　The Defendant admits the allegations of Paragraph 3 of the Complaint.

4.　The Defendant can neither admit nor deny the allegations of Paragraph 4 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

PERSONAL JURISDICTION

5.　Paragraph 5 purports to state conclusions of law to which no answer is required. To the extent Paragraph 5 states facts, it is denied.

VENUE

6.　Paragraph 6 purports to state conclusions of law for which no answer is required. To the extent Paragraph 6 states facts, it is denied.

1

## FACTUAL BACKGROUND

7.     The Defendant can neither admit nor deny the allegations of Paragraph 7 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

8.     The Defendant denies the allegations of Paragraph 8 of the Complaint.

9.     The Defendant denies the allegations of Paragraph 9 of the Complaint.

10.     The Defendant can neither admit nor deny the allegations of Paragraph 10 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

11.     The Defendant can neither admit nor deny the allegations of Paragraph 11 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

12.     The Defendant can neither admit nor deny the allegations of Paragraph 12 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

13.     The Defendant can neither admit nor deny the allegations of Paragraph 13 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

14.     The Defendant can neither admit nor deny the allegations of Paragraph 14 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

15.     The Defendant can neither admit nor deny the allegations of Paragraph 15 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

16.     The Defendant can neither admit nor deny the allegations of Paragraph 16 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

17.     Paragraph 17 states a request for a jury trial to which no answer is required.

## COUNT I - NEGLIGENCE

18.     The Defendant incorporates herein by reference its answers to Paragraphs 1 through 17 of this Answer as if set forth word for word.

19.     The Defendant can neither admit nor deny the allegations of Paragraph 19 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

20.     The Defendant denies the allegations of Paragraph 20 of the Complaint.

21.     The Defendant denies the allegations of Paragraph 21 of the Complaint.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

## COUNT II – NEGLIGENCE

22.     The Defendant incorporates herein by reference its answers to Paragraphs 1 through 21 of this Answer as if set forth word for word.

23.     The Defendant denies the allegations of Paragraph 23 of the Complaint.

24.     The Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     The Defendant denies the allegations of Paragraph 25 of the Complaint.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

## COUNT III - NEGLIGENCE

26.     The Defendant incorporates herein by reference its answers to Paragraphs 1 through 25 of this Answer as if set forth word for word.

27.     The Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     The Defendant denies the allegations of Paragraph 28 of the Complaint.

29.     The Defendant denies the allegations of Paragraph 29 of the Complaint.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

## COUNT IV – LOSS OF CONSORTIUM

30.     The Defendant incorporates herein by reference its answers to Paragraphs 1 through 29 of this Answer as if set forth word for word.

31.     The Defendant can neither admit nor deny the allegations of Paragraph 31 of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

32.     The Defendant denies the allegations of Paragraph 32 of the Complaint.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

## COUNT V – LOSS OF CONSORTIUM

33.     The Defendant incorporates herein by reference its answers to Paragraphs 1 through 32 of this Answer as if set forth word for word.

34.     The Defendant denies the allegations of Paragraph 34 of the Complaint.

35. The Defendant denies the allegations of Paragraph 35 of the Complaint.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. The Defendant incorporates herein by reference its answers to Paragraphs 1 through 35 of this Answer as if set forth word for word.

37. The Defendant denies the allegations of Paragraph 37 of the Complaint.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

And further answering, the Defendant says that the Complaint fails to state a claim against the Defendant upon which relief can be granted.

#### Second Affirmative Defense

And further answering, the Defendant says that the Court lacks subject matter jurisdiction.

#### Third Affirmative Defense

And further answering, the Defendant says that the Court lacks personal jurisdiction.

#### Fourth Affirmative Defense

And further answering, the Defendant says that this action was not commenced within the time prescribed by the applicable statutes of limitations.

#### Fifth Affirmative Defense

And further answering, the Defendant says that process was insufficient and improper.

### Sixth Affirmative Defense

And further answering, the Defendant says that service of process was insufficient and improper.

### Seventh Affirmative Defense

And further answering, the Defendant says that Plaintiffs' claims should be dismissed due to improper venue.

### Eighth Affirmative Defense

And further answering, the Defendant says that all or some of the Plaintiffs' claims are barred by the doctrine of estoppel.

### Ninth Affirmative Defense

And further answering, the Defendant says that the Plaintiffs are guilty of laches in bring this action is therefore barred from recovery.

### Tenth Affirmative Defense

And further answering, the Defendant says that the Plaintiffs' damages should be barred in whole or in part due to a failure to mitigate.

### Eleventh Affirmative Defense

And further answering, the Defendant says that there is no negligence, gross negligence, willful, wanton or malicious misconduct, reckless indifference, or reckless disregard toward the Plaintiff, or malice, (actual, legal or otherwise) on the part of the Defendant toward the Plaintiffs.

### Twelfth Affirmative Defense

And further answering, the Defendant says that if the Plaintiffs suffered any damage or injury herein, it resulted from a risk which Plaintiffs voluntarily, knowingly and willingly assumed.

<u>Thirteenth Affirmative Defense</u>

And further answering, the Defendant says that the Plaintiffs are barred from recovery because the acts for which they complain were caused by the acts or omission of third persons for whom the Defendant exercised no control over and for whose conduct the Defendant bears no responsibility.

<u>Fourteenth Affirmative Defense</u>

And further answering, the Defendant says that the Plaintiffs' action and any damages are barred in whole by the comparative fault of the Plaintiffs.

<u>Fifteenth Affirmative Defense</u>

And further answering, the Defendant says that if the Plaintiffs are entitled to recover against the Defendant, which the Defendant denies, than any recovery must be reduced in accordance with the comparative fault of the Plaintiffs.

<u>Sixteenth Affirmative Defense</u>

And further answering, the Defendant says that this action is barred by the Statute of Repose.

Wherefore, the Defendant demands that the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

<u>DEMAND FOR JURY TRIAL</u>

The Defendant demands a trial by jury.

By its attorney,

<u>/s/ Michael D. Urban</u>
Michael D. Urban
B.B.O. No. 565757
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4618
michael.urban@cna.com

## CERTIFICATE OF SERVICE

I, Michael D. Urban, attorney for the Defendant, Andreassi Brothers, Inc., in the above-entitled action, hereby certify that on the 28th day of July, 2005, I filed this Answer electronically with the Court, which constitutes service under the Local Rules upon the following counsel:

Terrence Garmey, Esquire
Smith, Elliott, Smith & Garmey, PC
7 Customs House St., 5th Floor
PO Box 442
Portland, ME  04112-0442

/s/ Michael D. Urban
Michael D. Urban
B.B.O. No.  565757
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4618
Michael.urban@cna.com